[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDING OF FACTS AND CONCLUSIONS OF LAW
This is an action brought by the plaintiff, Jerald S. Barber, against the defendants, Mayor John DeStefano, Jr., Steven G. Mednick, Patricia Cofrancesco, and Gary Hogan, for alleged constitutional and charter violations and emotional distress suffered when one or more of the defendants assigned the plaintiff to different duties as an officer or employee of the City of New Haven. Attorney Barber instituted the action and sought a temporary injunction restoring him to his previous duties. By agreement between the parties and the court, the matter was accelerated for trial and all parties agree that the hearing held before this court would consider all relief sought as well as including the request for a permanent injunction. The court is appreciative of the parties' cooperation in rapidly closing the pleadings and avoiding the need for an extended hearing on the temporary injunction.
FINDINGS OF FACT
1) The defendant, Mayor John DeStefano, Jr., appointed the plaintiff, Jerald S. Barber, to the position of Assistant CT Page 5284-NNNNNNN Corporation Counsel in July of 1994.
2) Within the department of the Corporation Counsel for the City of New Haven there is one Corporation Counsel, several Deputy Corporation Counsels and eight Assistant Corporation Counsels.
3) During a portion of the time in question there was also a Special Assistant Corporation Counsel.
4) As a general rule, Deputy Corporation Counsels and Assistant Corporation Counsels are concerned either with litigation as a principal duty or as department attorneys as a principal duty.
5) Those counsel concerned principally with litigation try cases in state and federal court involving the City.
6) Department attorneys are attached to one or more city departments and regularly advise those departments as well as prepare and review contracts and other written instruments.
7) While the lines are somewhat blurred, the court finds that litigation attorney positions are generally regarded as more prestigious and desirable than department attorney positions.
8) The terms of Deputy Corporation Counsels and Assistant Corporation Counsels are for one year at a salary set in the budget and appointment is made by the Mayor.
9) On February 5, 1995, the plaintiff was promoted to the rank of Deputy Corporation Counsel, reappointed for a one-year term by the Mayor, and assigned to duties primarily as a litigation attorney.
10) The plaintiff became responsible for the supervision of an Assistant Corporation Counsel and a special Assistant Corporation Counsel.
11) The plaintiff had a close mentor relationship with Attorney Earl Williams.
12) Attorney Williams is a frequent and publicly recognized critic of Mayor DeStefano and some of his policies, including the "liveable cities initiative." CT Page 5284-OOOOOOO
13) During the period from September 1995 to March of 1996, the plaintiff brought to the attention of the defendant, former Corporation Counsel Mednick, and/or to the attention of Alderman Dawson, certain matters of concern including:
 (a) irregularities in the housing department loan program which put in jeopardy substantial amounts of city funds,
 (b) what the plaintiff perceived as an anti-semetic remark by another Deputy Corporation Counsel, and
 (c) what the plaintiff perceived as improper and disparate treatment of New Haven based minority contractors by the administration with regard to legal contracts, development contracts, public works contracts and demolition contracts.
14) The plaintiff's complaint concerning irregularities in the housing loan program was agreed with by public officials and changes were made in the program.
15) The Deputy Corporation Counsel's alleged anti-semetic remark was not regarded as anti-semetic by former Corporation Counsel Mednick, who is Jewish, but was regarded as anti-semetic by the plaintiff.
16) The Deputy Corporation Counsel's remark, notwithstanding the plaintiff's subjective characterization, does not appear to the court to have been anti-semetic.
17) The alleged improper and disparate treatment was reported by the plaintiff to councilman Dawson and was related by councilman Dawson to the defendant, Mayor DeStefano.
18) The plaintiff had been engaged in an effort to gain City work as a private attorney. If he had been successful, he had proposed to leave the Corporation Counsel's office and enter into private practice with Attorney Earl Williams.
19) The Mayor refused to enter into an agreement with the plaintiff for private work and demonstrated some annoyance at the extent of the plaintiff's demands for private work.
20) All of the plaintiff's aforementioned complaints and all discussions hereinbefore referred to concerning private work CT Page 5284-PPPPPPP occurred prior to February 6, 1996.
21) Effective February 6, 1996, the defendant Mayor reappointed the plaintiff to his position as a Deputy Corporation Counsel.
22) On March 29, 1996, the plaintiff was notified by Corporation Counsel Mednick that the Mayor had requested the assignment of a "Deputy Corporation Counsel" to the tax office.
23) Corporation Counsel Mednick recommended to the Mayor and the Mayor approved the assignment of the plaintiff to the tax office.
24) The plaintiff was asked to physically move from his office on the fourth floor of the City Hall to the tax office on the first floor of the City Hall.
25) As a result of the plaintiff's reassignment, his litigation files and his supervision of an Assistant Corporation Counsel and a Special Assistant Corporation Counsel were transferred to another counsel in the Corporation Counsel's office.
26) While the precise extent of the foreclosure obligations which the plaintiff would have assumed in the future was unclear, it appears that because foreclosure work was being done by outside counsel, the direct need for foreclosure court appearances was extremely limited at the time of reassignment of the plaintiff.
27) Relevant provisions of the City of New Haven Charter include the following:
Sec. 11. Powers. The mayor shall have the power:
 (a) to appoint all officers and employees of the city except as otherwise provided by this charter . . .
 (f) to assign any employees of one department to the temporary performance of similar duties in another department whenever the interest of the City requires, except for employees of the office of the legislative services. . . .
ARTICLE VI, Corporation Counsel. Sec. 19. Deputies and CT Page 5284-QQQQQQQ Assistants.
 The mayor shall appoint deputy and assistant corporation counsels, all of whom shall have been admitted to the bar of the State of Connecticut and shall have been practicing attorneys for at least two years, each to hold the office for the term of one year from said appointment or until their successor shall be appointed and duly qualified. All deputy corporation counsels shall reside in said city during the term of office. Said deputy and assistant corporation counsel shall perform such services as the corporation counsel may direct. Salary of each deputy and assistant corporation counsel shall be fixed by the budget, which shall be in lieu of any and all compensation for any services required by the city of said officer.
CONCLUSIONS OF LAW
1) Although the Mayor could make assignments of employees to temporary performance of similar duty, the court concludes that the assignment of the plaintiff was not a temporary assignment and accordingly not authorized by Article V, Section 11 of the Charter.
2) As a Deputy Corporation Counsel, the plaintiff was obligated to perform such service as the Corporation Counsel directed. The plaintiff properly argues that the Corporation Counsel may only assign Deputy and Assistant Corporation Counsel to other work within that department. Contrary to the plaintiff's claim, the court finds as a matter of law that notwithstanding the diminution in the importance of his duties and notwithstanding the physical relocation of the plaintiff from the office space of the Corporation Counsel to the office space of the tax department, he was nevertheless reassigned to serve as a member of the Corporation Counsel's department. Accordingly, the court finds no violation of the Charter in the reassignment of the plaintiff from his former litigation duties to his new tax duties.
3) The court finds that the reassignment of the plaintiff within the Corporation Counsel's Department does not violate any civil service rule or regulation of the City of New Haven.
4) While the plaintiff clearly made some complaints about his superiors, and might be fairly characterized as a protege of CT Page 5284-RRRRRRR Attorney Earl William, the court finds that his transfer from litigation duties to tax duties was not in retaliation for the exercise of constitutionally protected free speech or constitutionally protected freedom of association.
5) Because the court finds no violation of the Charter, nor any violation of any constitutional right, nor any violation of § 31-51q of the Connecticut General Statute, the court finds no basis for the awarding of attorney's fees to the plaintiff.
6) While the court rules for each defendant on each count, the court does not find the plaintiff's action to be brought with such an absence of substantial justification that the court should exercise its discretion to award costs and attorney's fees to the City.
JUDGMENT
Consistent with the foregoing findings of fact and conclusions of law, the court holds for the defendants and each of them individually on all counts and enters judgment for the defendant on all counts.
Judgment is entered without costs or attorney's fees to either side.
THE COURT:
BY: ______________________ KEVIN E. BOOTH, JUDGE